RICH v. TURNBULL.

The evidence introduced for the plaintiff was sufficient to carry the case to the jury upon the issues involved, and it was therefore error to grant a nonsuit.

April 15, 1895. By two Justices. Brought forward from the last term.

Equitable petition. Before Judge HENRY. Floyd superior court. March term, 1894.

Plaintiff and defendant are the owners respectively of city lots 54 and 53, each adjoining the other, and each fronting 30 feet on Broad street in Rome. Lot 53 is fully covered by the buildings on it; the building on lot 54 covers only 26 feet frontage; and the property in dispute is a space on lot 54, four feet wide, running from the front to the rear of the lot, and being immediately alongside lot 53. In this space is a stairway from the top of which is an entrance into the second story of the building on lot 54. There formerly was a similar entrance into the second story of the building on lot 53, but the same was closed up several years since. Plaintiff prayed for a decree quieting the title to this alleyway absolutely in her, and enjoining defendant from occupying, using or claiming title to it. It appears that both the lots were formerly owned by A. M. Sloan. In 1861 he conveyed lot 54, reserving "the right of way between lots 53 and 54, to afford convenient access to his buildings on lot 53." Four other conveyances of lot 54, made in 1866, 1867 and 1868, seem to contain no such reservation or reference thereto. All five of these deeds were duly recorded. In 1870 lot 54 was conveyed to two Gammons, the deed "making such reservation to the right. of way through the alley as arbitrators heretofore awarded to Mr. Sloan during his lifetime, the said Sloan being the owner of the lot northeast of the lot herein conveyed." In 1874 the Gammons conveyed lot 54 to the plaintiff, their deed containing a recital similar to that

just quoted. In 1874 lot 53 was sold at sheriff's sale as the property of Sloan. He died in 1880. There was testimony for plaintiff, that the Gammons bought lot 54 in 1867, taking a bond for title. The walls of an old burned building were then on that lot. They started to build thereon in 1867, intending to cover the whole front of the lot, but were stopped by a claim of Sloan that the right of way to the four-foot alley had been reserved by him. This question was settled by a somewhat informal arbitration between all the parties at interest, these being the Gammons, the former vendors of lot 54, and Sloan. The arbitration was had, and the award was, that Sloan was entitled to the use of the alley for access to the buildings on lot 53 during his lifetime; and that the Gammons were to be credited $250 on the notes they had given their vendor in purchase of lot 54, on account of this reservation and their inability to build on the entire 30 feet. This credit was in fact given them. They then erected a two-story building on lot 54, in width 26 feet, and built the stairway in the four-foot alley. Nothing appears of record as to such arbitration; and those who acted as arbitrators are all dead. It seems that the tenants of both lots have continuously used the space in the alley back of the stairway, for storing coal, boxes, etc.

J. W. EWING and JOEL BRANHAM, for plaintiff.

W. W. BROOKES, for defendant.

SIMMONS, Chief Justice.

Under the facts disclosed by the record, we think the court erred in granting a nonsuit. The case turns largely upon whether the owners of the property, in 1867, submitted to arbitration their dispute concerning the lot and easement in question, and upon what were the terms of the award, and whether Sloan was a party thereto. On these points the evidence, it is true, was

not very definite, but there was enough to require the submission of the case to the jury. If the parties submitted the matter to arbitration, and there was an award that the Gammons were not to extend the building which they had commenced to erect, over the whole thirty feet called for in their deed, but should only cover twenty-six feet on Broad street, and that Sloan should have only a life-estate in the easement of the four feet in dispute, and this was agreed to and acted upon by the parties, they would be bound thereby, although the award was not of record and had not been made the judgment of the superior court; and the persons holding under Sloan would be as much bound by it as he was. There was evidence showing that there was such an award, and that the Gammons did act upon it, and erected their building upon twenty-six feet when their deed gave them thirty feet. The evidence also tends to show that Sloan was a party to the arbitration and was present and participated in the hearing before the arbitrators. The credibility of the witnesses and their recollection of transactions which occurred more than a quarter of a century ago were matters to be passed upon by the jury, and not by the court. *Judgment reversed.*